**MISSOURI DENTAL BOARD, Plaintiff-Appellant,**

v.

**Lyman H. RINEY and Missouri Administrative Hearing Commission, Eugene H. Bushmann, Commissioner, Defendants-Respondents.**

No. 24971.

Kansas City Court of Appeals.

Missouri.

June 3, 1968.

Edgar M. Eagan, Jefferson City, for appellant.

Warren E. Slagle, Richard F. Adams, Slagle & Bernard, Kansas City, for respondent.

SPERRY, Commissioner.

Respondent, a duly licensed and practicing Dentist under the laws of Missouri, petitioned appellant for a certificate as a specialist in oral surgery under the provisions of Chap. 332, R.S.Mo.1959, V.A.M.S. The application was denied and petitioner filed complaint before the Administrative Hearing Commission. Commissioner Bushmann directed issuance of the certificate, holding the action of appellant herein to have been "unauthorized by law, in excess of their statutory authority and arbitrary, capricious and unreasonable." This action was affirmed by the Cole County Circuit court. The board appealed to the Supreme court which court transferred the case to us.

The board's first point relied on is that "the facts herein are not in dispute and the case turns on the legal construction of the statutes." We agree with the board on that point. We have set out the following undisputed facts as being determinative of the issues presented on this appeal.

Respondent was graduated from the University of Kansas City School of Dentistry and was licensed to practice dentistry in the state of Missouri on June 22nd, 1940. From 1940 to 1945 he engaged in the general practice of dentistry. In 1946 respondent received a degree of Master of Science in Dentistry from Northwestern University. From June, 1946, until December, 1947, he practiced dentistry in Joplin, Missouri, and limited his practice to oral surgery. He was recalled to the U. S. Naval Service in December of 1947 and served in the U. S. Navy until his voluntary retirement on May 31st, 1965. Throughout this entire period he continued to be a resident of Missouri and paid dental license fees every year.

Under the provisions of Section 332.062, which became effective August 29th, 1959, the Missouri Dental Board was authorized to issue a specialist's certificate (as an oral surgeon) to those dentists who met the qualifications as therein specified.

At all times while respondent was in the Naval Service he limited his practice to oral surgery in various hospitals and duty stations throughout the United States and overseas. He successfully completed an oral surgery residency at the United States Naval Hospital, Saint Albans, New York, in 1950 and 1951, and had a specialty title of "Oral Surgeon."

From 1956 through 1961 respondent served as an oral surgeon at the U. S. Naval Hospital in Corpus Christi, Texas. That hospital was accredited by the American Dental Association on hospital dental service and respondent was chief of dental service.

Immediately after respondent's discharge from the service he associated himself with Jack Freeman, D.D.S., an oral surgeon practicing in Kansas City, Missouri, and he limited his practice to work in oral surgery. At the time Dr. Riney made application for his specialist's certificate, without examination, he was duly licensed and was in active practice in the state of Missouri. His practice was limited to that of oral surgery.

Following the passage of the Specialty Law, appellant published a document known as "Important Changes in Missouri Dental Law", one of which was a rule by the board requiring that applicants for specialist certificates be required to file therefor on or before January 1st, 1960. This document was not offered in evidence by appellant. The "Important Changes" document was sent to those dentists who were actively practicing in Missouri and was not sent to respondent although he then held a license to practice dentistry in Missouri issued by the board, and respondent did not receive a copy of same. The "Important Changes" document was never published and filed with the Office of the Secretary of State for the state of Missouri as required by Section 536.020, R.S.Mo.1959, V.A.M.S., article 4, Section 16, Constitution of Missouri, V.A.M.S. Respondent duly applied for certification as a specialist, without examination, on August 30th, 1966.

The decision of the Administrative Hearing Commissioner was as follows:

"Respondent has misconstrued Section 332.062. Its denial of a specialty certificate to petitioner was based solely on this statutory misinterpretation. · Appellant's action was unauthorized by law, in excess of their statutory authority and arbitrary, capricious and unreasonable. Since petitioner meets all the statutory requirements for the specialty certificate, appellant is hereby ordered to issue, without examination, a specialist's certificate in oral surgery to petitioner."

We will hereafter refer to appellant as the Board and to respondent as applicant. References to statutes will be to sections of Missouri Revised Statutes 1959. The pertinent portions of Section 332.062 are as follows:

"332.062. Specialist certificates issued when—registration fee. 1. The board may upon application issue without examination a specialist's certificate to *any* dentist, *duly licensed and in activs practice in the state of Missouri:*

"(1) * * *

"(2) *Who has for a period of two years prior to the effective date of this law limited his practice to a specialty recognized by the American Dental Association.*

"(3) * * *." (Emphasis ours.)

■ The language of the statute is clear and unambiguous. It was the duty of the board to apply its provisions to the facts in this case, as was intended by the legislature. It had no power to torture the language so as to arrive at a meaning different from that which is clearly and concisely stated therein.

■ It is clearly stated that the board may issue a specialty certificate, without examination, to *any* dentist, *duly licensed and in active practice in the state of Mis-*souri who has for a period of two years prior to the effective date of this law limited his practice to a specialty recognized by the American Dental Association. Oral surgery is such a specialty.

■ In its petition for review, filed with the circuit court, the board's first contention is that applicant had not filed his application for specialty certification prior to January 1st, 1960, as required by a rule made by the board. There is no statutory provision authorizing the board to make such an arbitrary rule. Furthermore, no such rule or regulation was ever filed in the office of the Secretary of State and so none ever became effective. Section 536.020.

■ Its second contention is that applicant was not *in active dental practice in the state of Missouri* as of the effective date of the enactment of Section 332.062. The statute does not require that applicant, to be eligible for registration as provided therein, be in the active practice in *Missouri upon the effective date of the law.* It does require that he be a licensed dentist, and in active practice. He was a licensed and practicing dentist in Missouri at the time he filed his application.

■ The board further charges that applicant had not limited his practice to oral surgery in *Missouri* for a period of two years prior to August 29th, 1959. Again, the statute makes no such requirement. It is required that applicant shall have limited his practice to oral surgery for the specified period of time but does not require that he must have done it while physically practicing in Missouri. Applicant served in the U. S. Navy as an oral surgeon continuously, from 1947 *until his discharge* almost twenty years later. That is the uncontroverted evidence. From 1956 through 1961 he served as an oral surgeon in the U. S. Naval Hospital at Corpus Christi, Texas. That hospital was accredited by the American Dental Association on hospital dental service.

There is not a shadow of a doubt but that applicant was fully qualified under the terms of the statute to receive the specialty certificate for which he applied. The board is hereby ordered to issue same.

The judgment of the circuit court is affirmed.

MAUGHMER, C., concurs.

PER CURIAM.

The foregoing opinion of SPERRY, C., is adopted as the opinion of the Court. All concur.